Abraham Schlissel, J.
Defendant, while acknowledging the initial validity of the Zoning Ordinance under which she is here being prosecuted, challenges the manner of its enforcement as discriminatory and violative of the United States and New York State Constitutions (Yick Wo v. Hopkins, 118 U. S. 356; People v. Walker, 14 N Y 2d 901; People v. Utica Daw’s Drug Co., 16 AD 2d 12).
In her moving affidavit, she charges “ an intentional and purposeful discrimination ” in this 11 the third in a series of criminal informations filed by the Building Department of the City of Long Beach against (her) in a period of less than four (4) months ”.
This, she insists, has been happening while ‘1 there has been deliberate non-enforcement of such Law with respect to other violators ”, charging “that Zoning Law violations are prosecuted only when certain persons make complaints against certain residents” and contending that “there is no plan nor design for enforcement of Zoning Laws of this City ”.
In support of her charge of “deliberate non-enforcement ” defendant alleges that “in just four (4) districts, which are zoned for one (1) family residences in the City of Long Beach ”, a survey discloses “ that thirty-four (34%) percent of the residences in such one family districts are being used for two (2) family occupancy and three (3) family occupancy and even greater family units ”.
It is further her claim that in the very area in which her property is located (Residence “ B ” District) forty-five (45%) per cent of the supposed one-family residences “ are used for more than one (1) family occupancy and of 256 residences in such district 116 are two (2) family residences or greater ”.
Finally she alleges, upon information and belief, that “in the year 1966 there has been a less than two (2%) percent effort on the part of the City authorities to enforce the Zoning Laws ”.
It is, of course, noted that the several allegations either quoted or summarized do not have the force or effect of proof and have not yet attained and may never achieve the status of accepted fact.
It does, however, seem to the court appropriate to inquire how the prosecution responds to the several contentions advanced by defendant.
The principal thrust of the opposing affidavit (made, it is noted, by the Assistant Corporation Counsel in charge of Zoning *139 Law prosecutions and not by the Building Commissioner) would appear to lie in two areas: (a) the claim that defendant’s several contentions are ‘ ‘ mere conclusions unsubstantiated with specific facts and figures ”, and (b) a recital of the earlier history of this property, of defendant’s unsuccessful efforts to obtain a variance, of the Supreme Court’s reversal of the Zoning Board’s action in granting such variance, of the injunction against use of these “ premises as a two-family residence ”, of the Appellate Division’s affirmance of the judgment of the Supreme Court, and of “ many complaints of the unlawful use of said premises ” assertedly “ received by the Building Commissioner from adjoining owners
Without impugning but, on the contrary, specifically acknowledging, the sincerity of defendant’s complaining neighbors, it seems to the court that these complaints are, at the very best, irrelevant and may actually tend to lend some support (however slight) to her contention that ‘1 Zoning Law violations are prosecuted only when certain persons make complaints against certain residents It may also be noted that these complainants would appear to possess an adequate and easily-available remedy by way of motion in the Supreme Court to punish this defendant for contempt.
Insofar as the People’s claim that defendant’s various claims are “ mere conclusions unsubstantiated with specific facts and figures ” is concerned, the court reminds them that the moving affidavit does indeed contain a substantial number of asserted “ specific facts and figures ” whose validity has not been directly challenged and also that the only issue here being considered and now being decided is whether a sufficient prima facie showing of discriminatory enforcement has been established to warrant, if not indeed, mandate a preliminary hearing.
After giving thoughtful consideration to the various contentions so vigorously pressed upon it by counsel for both parties (in their filed papers and upon extended oral argument as well) and weighing the alleged implications and potential impact of its decision, the court has concluded that further exploration of defendant’s charges is both proper and unavoidable.
In so deciding the court does not determine that there is either truth or substance in such charges but only that definitive demonstration of the basis of Zoning Law prosecutions must now be made in the interest and for the protection not alone of this defendant and others similarly situated, but that of all of the people of this city.
Thus, and only thus, can it be finally and conclusively determined whether, as defendant here charges, “ the public author *140 ities are engaging in a course of conduct designed to discriminate unconstitutionally against her ”. (People v. Utica Daw’s Drug Co., supra.)
In this way and no other can it be decided whether, as defendant so insistently contends, this is “ a community in which there is general disregard of a particular law with the acquiescence of the public authorities ’ ’ and whether, as she equally emphatically contends, she is the “ single defendant or (one of) a single class of defendants (chosen) for prosecution because of personal animosity or some other illegitimate reason ” (id cit.).
It is not the court’s view and it does not now hold that every challenge of the city’s method of selection of cases which it sees fit to prosecute must be met by the extended exploration and public inquiry now directed. On the contrary, it is the court’s view and it now holds that a strong prima facie case must be made by a supplicant for the preliminary hearing now being ordered.
It is, however, the court’s opinion that such an impressive prima facie showing has been here made and that the substantial number of violations mentioned in the moving papers, the relatively small number of prosecutions undertaken by the.city, and the concession by the people that the instant prosecution had its genesis in “ many complaints of the unlawful use of. said premises ” combine to justify a judicial finding whether a legal method of selection exists and is being consistently used.
Stated, otherwise, the court feels that it has both the right and the duty to ascertain whether prosecution or immunity therefrom is dependent upon personal popularity or lack thereof, as defendant alleges, or whether there does indeed exist a clear, cogent, consistent, constitutional and, above all, nondiscriminatory pattern of enforcement of the zoning laws of this community. (People v. Walker, supra.)
The court does not believe and it does not hold that an unconstitutional or discriminatory pattern of enforcement is shown by establishing that one or even several cases have their origin in civilian complaints as distinguished from official inquiry. It might and probably would feel otherwise if it were demonstrated that a substantial percentage of the prosecutions instituted in our City Court originated through complaints of neighbors and other nonofficial sources and relatively few resulted from independently undertaken departmental inquiry.
The court wishes to make itself clearly understood: it recognizes and applauds the right of every citizen to petition the public authorities for redress of grievances. It believes that right of. petition is and should be available to the alleged insti *141 gators of the present prosecution even though, as above noted, they would clearly appear to have another remedy open to them in the Supreme Court. What concerns it is whether there has been and now exists an abdication of the primary responsibility of the public officials charged with the duty to enforce our zoning laws.
Nothing here said or properly implied therefrom, nor the direction for a preliminary hearing, should be construed as suggesting that the court believes or has decided that such an abdication does here exist. That issue can and will be resolved only after full development of all relevant facts.
Upon the oral argument it was suggested by the Assistant Corporation Counsel that granting of the present motion for a preliminary hearing would effectively frustrate enforcement of this city’s zoning laws and encourage even more widespread violation thereof. It was further argued that dismissal of the instant charge on the ground of discriminatory enforcement would require the city’s officials to undertake simultaneous prosecution of every zoning violation in Long Beach.
To state this contention is to demonstrate its lack of cogency: the mere fact that the present method may conceivably be adjudged discriminatory does not mean that a new nondiscriminatory and constitutional pattern of enforcement may not be promptly evolved and immediately put into effect. Given such a plan, selection of individual cases and decision as to the order of priority of their prosecution could easily and lawfully be arranged without impairment or substantial interference with the continuity of enforcement.